# In the United States Court of Federal Claims

No. 01-376 C
(Filed: January 30, 2008)

***********************************
C.D. HAYES, INC., *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
***********************************

**ORDER**

On January 29, 2008, defendant in the above-captioned case electronically filed its motion for summary judgment, with an attached appendix. The clerk's office noted two deficiencies with defendant's filing. First, defendant did not sign the motion as required by RCFC 11(a) and Appendix E. Second, the table of contents to the brief did not include a separate listing of "the various items in the appendix" as required by RCFC 5.3(a)(1)(A). Compare RCFC 5.3(a)(1)(G) ("[I]f a separate appendix is used and is not incorporated into the same volume as the brief, there shall be, at the beginning of the appendix, a table of contents or index listing the various items in the appendix . . . .").

Normally, the court would strike a filing that is not properly signed by the attorney of record.[1] However, the court will allow defendant's motion to be **filed by its leave**, given that defendant's attorney signed the certificate of filing. In the future, counsel should take care to ensure that he has properly signed his filings.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

---

[1] Had defendant's failure to include a list of items in the appendix within its table of contents been the only defect, the court would have permitted the filing, as defendant did include such a listing at the beginning of the appendix.